# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-0591** (Mason County 15-F&M-88)

**Bruce D. Bush,**
**Defendant Below, Petitioner**

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Bruce D. Bush, by counsel John A. Proctor, appeals the Circuit Court of Mason County's July 29, 2015, order sentencing petitioner to a term of incarceration of one to ten years for obstructing a firefighter and a concurrent term of incarceration of one year for battery on an emergency service personnel. The State of West Virginia, by counsel Shannon Frederick Kiser, filed a response. On appeal, petitioner alleges that he received ineffective assistance of counsel during the underlying proceedings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2015, the Mason County grand jury indicted petitioner on two counts of obstructing a firefighter, in violation of West Virginia Code § 29-3A-4(a)(2); and two counts of battery on an emergency service personnel, in violation of West Virginia Code § 61-2-10b(d). These charges stem from an incident in which petitioner allegedly punched a firefighter who was responding to a brush fire and a downed power line near his residence.

Following a jury trial, petitioner was found guilty of one count each of obstructing a firefighter and battery on an emergency service personnel. The jury found petitioner not guilty of a second count of obstructing a firefighter. The State dismissed the second count of battery on an emergency service personnel. Thereafter, the circuit court sentenced petitioner to a term of incarceration of one to ten years for obstructing a firefighter and a concurrent term of incarceration of one year for battery on an emergency service personnel, to be served on home incarceration. This appeal followed.

As his lone assignment of error, petitioner contends that he received ineffective assistance of counsel during the underlying proceedings. We have long held that

1

[i]t is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

Syl. Pt. 10, *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992). We have further held that

[t]he very nature of an ineffective assistance of counsel claim demonstrates the inappropriateness of review on direct appeal. To the extent that a defendant relies on strategic and judgment calls of his or her trial counsel to prove an ineffective assistance claim, the defendant is at a decided disadvantage. Lacking an adequate record, an appellate court simply is unable to determine the egregiousness of many of the claimed deficiencies.

*State v. Miller*, 194 W.Va. 3, 15, 459 S.E.2d 114, 126 (1995). On appeal, petitioner contends that his trial counsel was ineffective (1) during the plea bargaining process;[1] (2) for failing to move to suppress petitioner's statement; and (3) for failing to call an eyewitness and to present evidence of the location of the fire. Based upon our review of the same, we find that the record herein is insufficient to determine if trial counsel's decisions were strategic or ineffective. Thus, we decline to address petitioner's claims on direct appeal.[2]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 22, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[1]Petitioner concedes that the State offered him a plea agreement whereby he would plead guilty to one count of misdemeanor battery with the State recommending probation. Petitioner rejected this offer.

[2]We express no opinion as to the merits of any subsequent claim for ineffective assistance of trial counsel.

2